# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**CHARLES EDMUND DIXON,**

      Plaintiff,

      v.

**JUDGE JAMES W. CONWAY, et al.,**

      Defendants.

CASE NO. 3:26 CV 208

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION
AND ORDER**

## INTRODUCTION

*Pro se* Plaintiff Charles Edmund Dixon filed this action against 9 named Defendants, including: Judge James W. Conway, Prosecutor James Joel Sitterly, Devin John Williams, Broker Michael J. Myers, David W. Light, Kimberly A. Light, Sheriff Todd J. Corbin, Donna Myers, Nicole Myers, and Huron County Growth Partners ("HCGP"). *See* Doc. 1.[1] The Complaint also lists the following unidentified defendants: "John/Jane Doe #1-20+ -every blood relative, LLC, shell account, vacation fund, beach condo they ever touched" and "John/Jane Doe 25+ (at least (9) addition[al] unknown co-conspirators)." *Id.* at 1, 3. The Complaint alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically 18 U.S.C. § 1962(d), and several state law claims, including theft and conversion, abuse of process, civil conspiracy, and theft in office. *Id.* at 1-2. Simultaneously, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. 2) and a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 3).

---

1. The supplemental Complaint removes Emily Myers as a Defendant and adds Nicole Myers and HCGP. (*See* Doc. 6-1, at 2).

Plaintiff also subsequently filed a Motion for Leave to Amend Complaint, stating that the Amended Complaint "adds factual allegations" (Doc. 6) and "supplements and amends the original [C]omplaint" while "[t]he original allegations remain in full force except where expressly modified or supplemented herein." (Doc. 6-1, at 1). The Court grants Plaintiff's Motion (Doc. 6) and construes Plaintiff's filing as a supplement to the Complaint. The Court also grants Plaintiff's Application to Proceed *In Forma Pauperis*. (Doc. 2).

However, upon review the Court finds this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### BACKGROUND

Plaintiff's Complaint is a disjointed narrative of events consisting of rambling and conclusory allegations. The 167-page original Complaint includes 3 pages of single-spaced allegations and 164 pages of exhibits, such as a "Chronology of Charles E. Dixon 1/19/2026," an "Affidavit of Charles E. Dixon 1-16-2026," property deed transfers, copies of an indictment, pictures of rare coins, Devin John Williams's "mugshot," a mortgage assignment, journalized lien satisfaction signed by Judge Conway, screenshots of Preston Burke's social media posts, a screenshot of Plaintiff's Facebook profile picture, a copy of a lease agreement between Williams and Plaintiff's mother and an eviction notice, copies of several obituaries, and Papa John's Pizza receipts. *See* Doc. 1 and attachments thereto. Plaintiff's Supplemental Complaint purports to add modified allegations and 100 pages of additional exhibits consisting of copies of "public records." *See* Doc. 6-1.

As best the Court can discern, Plaintiff's Complaint stems from the theft of Plaintiff's rare coin collection from his home. It appears Defendant Devin John Williams, who was staying at Plaintiff's residence during the relevant period, was indicted in the Huron County Court of

Common Pleas on December 23, 2025, for the theft; Judge Conway presided over these state court proceedings. *See* Doc. 1-5. According to the state court docket, a trial in the criminal proceedings is scheduled for June 17, 2026. *See State of Ohio v. Williams*, No. CRI 20250888 (Huron Cnty. C.P. Dec. 23, 2025).

Plaintiff's Complaint includes the following allegations: On January 25, 2025, Williams deprived Plaintiff of his rare coins valued at $4.1 million; on October 23, 2025, Judge Conway signed off on a lien satisfaction in the amount of $150,029; Prosecutor Sitterly amended original indictments for the alleged theft of the rare coins to include a value of the coins at more than $1,000 and less than $7,500; Broker Myers facilitated inner-company deed transfers; Kean Burke posted Costa Rica photos and he thanked Preston J. Burke for facilitation of the trip; Kimberly A. Light/David W. Light satisfied a mortgage for a property in Pinellas, FL, 124 days after the theft; and "[t]hey have been on many luxury vacations;" Kimberly Light was assigned as Plaintiff's advocate and "violated Marcy's Law by associating herself with the defendant's mother, Heidi L. Burke (conflict of interest);" and Kimberly Light also serves as Huron County Common Pleas Bailiff. (Doc. 1, at 1-2). Plaintiff concludes that "[a]ll dates match the money trail." *Id.* at 2.

In the Supplemental Complaint, Plaintiff alleges: Judge Conway's financial disclosure statement for 2024 indicates he has no real estate despite listing The Chambers Condominium LLC as an investment, which "shows a pattern of concealment and false reporting;" Kimberly A. Light is a bailiff in Judge Conway's courtroom and she is married to Mayor David W. Light; the Lights' daughter, Micki, is a deputy under Sheriff Corbin; HCGP lists David Light as Trustee and Kimberly Moore as Director, and "they leveraged $3.2 million in 2024"; within one hour of the

dismissal of Williams's theft charges, one of Plaintiff's coins was listed for sale on a website;[2] Williams's family and friends flaunt vacations on social media; in early December 2025, Prosecutor Sitterly quoted a private conversation between Plaintiff and his sister after Plaintiff filed for the sealing of records; Jan M. Tkach is Huron County Recorder and Roland Tkach is Huron County Auditor, and they are "possibly siblings;" and the grand jury indicted Plaintiff's cousin on January 23, 2026, for felonious assault with the "close timing infer[ing] possible retaliation." (Doc. 6-1, at 1-2).

Plaintiff's Complaint alleges six counts: (1) RICO violation, 18 U.S.C. § 1962(d); (2) RICO conspiracy; (3) theft and conversion; (4) abuse of process; (5) civil conspiracy; and (6) theft in office. For relief, he seeks $4.1 million in actual damages; $12.3 million in RICO treble damages; a TRO and preliminary injunction "freezing every asset they possess or may otherwise possess control over;" return of all coins, monies, stolen jewelry, and other personal property belonging to Plaintiff and his immediate family members; "[e]xpungement of every arrest, conviction, docket entry in my name;" and attorney fees. (Doc. 1, at 2).

STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490

---

2. According to the Huron County Court of Common Pleas docket, Williams was initially indicted for theft (among other charges) on February 5, 2025, but the case was dismissed without prejudice on August 20, 2025, upon motion of the State of Ohio. *See State of Ohio v. Williams*, No. CRI20250094 (Huron Cnty. C.P. Feb. 5, 2025).

U.S. 319, 327 (1989). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.*

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## DISCUSSION

In Counts 1 and 2, Plaintiff alleges a "RICO violation under 18 U.S.C. § 1962(d)" and "RICO conspiracy." Section 1962(d) prohibits a person from conspiring to commit a RICO violation. 18 U.S.C. § 1962(d) ("It shall be unlawful for any person to conspire to violate . . . subsection (a), (b), or (c)."); *Ramjet Aviation, Inc. v. My Parts Locator, Inc.*, 2023 WL 166009, at *3-4 (N.D. Ohio). To state a plausible claim for a violation of 18 U.S.C. § 1962(d), Plaintiff "must successfully allege all the elements of a RICO violation [and] alleg[e] 'the existence of an illicit agreement to violate the substantive RICO provision.'" *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito*, 723 F.2d 1250, 1260

5

(6th Cir. 1983)). A plaintiff's RICO conspiracy claim fails if the plaintiff's substantive RICO allegations under subsection 1962(a), (b), or (c), are deficient. *See Aces High Coal Sales, Inc. v. Cmty. Bank & Tr. of W. Ga.*, 768 F. App'x 446, 450 (6th Cir. 2019) ("Because plaintiffs failed to plausibly allege a violation of § 1962(b) or (c), the district court properly dismissed the RICO conspiracy claim as well."); *Marinac v. Todd*, 2022 WL 3904049, at *14 (N.D. Ohio) ("[B]ecause plaintiffs have failed to successfully allege all the elements of a substantive RICO violation, plaintiffs have necessarily failed to plausibly allege a RICO-conspiracy claim.").

Here, Plaintiff fails to allege a substantive RICO violation under any subsection. And the Court is not required to "conjure up unpleaded facts" or construct claims on a *pro se* plaintiff's behalf. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding district courts are not required to "conjure up questions never squarely presented to them" or to "construct full claims from sentence fragments" because to do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Therefore, Plaintiff cannot properly maintain a conspiracy claim under § 1962(d), and his RICO conspiracy claims under Counts 1 and 2 fail on this basis. *See Aces High Coal Sales, Inc.*, 768 F. App'x at 450.

Even if Plaintiff had plausibly alleged the elements of a substantive RICO violation, Plaintiff has failed to allege the existence of an illicit agreement. An agreement "can be shown if the defendant objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Sinito*, 723 F.2d at 1261 (citation modified). Plaintiff alleges no facts suggesting any of the defendants were parties to an

6

agreement to participate in the alleged theft of his rare coin collection or to deprive Plaintiff of his personal property. His allegations concerning the timing of Defendants' investments or vacations and the apparent relationship to each other do not demonstrate the "when, where, or between whom any alleged illicit agreement was made." *Huff v. FirstEnergy Corp.*, 972 F. Supp. 2d 1018, 1040 (N.D. Ohio 2013) (quoting *Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x 273, 276 (3d Cir. 2012)). Plaintiff therefore fails as a matter of law to state a plausible RICO conspiracy claim.

Finally, in Counts 3 through 6, Plaintiff alleges theft and conversion, abuse of process, civil conspiracy, and theft in office. To the extent Plaintiff properly brings such claims under state law, the Court declines to exercise supplemental jurisdiction over them. District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The Court finds that the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's purported state law claims, which are better resolved by the Ohio courts.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Doc. 6) be, and the same hereby is, GRANTED, and it is

7

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 5), be and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that the action be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2026