**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**CHARLES EDMUND DIXON,**               CASE NO. 3:26 CV 208

       Plaintiff,

       v.                          JUDGE JAMES R. KNEPP II

**JUDGE JAMES W. CONWAY, et al.,**

       Defendants.             **ORDER**

Currently pending before the Court is *pro se* Plaintiff Charles Dixon's Motion for Extension of Time to File Notice of Appeal. (Doc. 9).

This Court dismissed Plaintiff's case on May 21, 2026. (Doc. 7). Plaintiff filed the present motion on July 20, 2026. (Doc. 9).

The Federal Appellate Rules provides that, in a civil case, a notice of appeal must be filed with the district court clerk "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). A district court "may extend the time to file a notice of appeal if:"

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). An extension granted under this rule may not exceed "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Plaintiff's motion was filed within the time frame permitted by Federal Appellate Rule 4(a)(5)(A)(i). The determinative question is thus whether he can show "excusable neglect or good

cause" as required by subsection (ii) of that rule. In the Sixth Circuit "it is 'well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances.'" *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 456 (6th Cir. 2014) (quoting *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir. 1989)).

In *Nicholson v. City of Warren*, the Sixth Circuit noted that "[g]ood cause will be found where forces beyond the control of the appellant *prevented* her from filing a timely notice of appeal." 467 F.3d 525, 526 (6th Cir. 2006) (emphasis added). It explained a "lengthy incapacitating illness *might* constitute good cause," but did not state that such circumstances would necessarily give rise to good cause as a matter of law, or that a district court's finding otherwise would necessarily amount to an abuse of discretion. *Id.* (emphasis added). Ultimately, in *Nicholson,* the Sixth Circuit upheld the district court's denial of the plaintiff's motion for an extension of time, reasoning that the plaintiff provided "no details of the duration of her medical treatment which would indicate that she had been *unable* to file a notice of appeal within thirty days of the court's order." *Id.* (emphasis added).

Plaintiff states he received both an email notification and physical copy of this Court's May 21, 2026, Memorandum Opinion and Order on May 26, 2026. (Doc. 9, at 1). He cites "increased work hours," "ongoing medical appointments," and "the time required to thoroughly research the complex federal appellate process as a pro se litigant" as the reasons for his delay *Id.* He further cites his peripheral artery disease and deep femoral artery disease "became severely exacerbated" following the Court's dismissal order, leaving him "in significant pain and mentally incapacitated." *Id.* Plaintiff attaches medical records that primarily show upcoming appointments related to vascular surgery. *See* Doc. 9-1, at 8-9. During the standard window to appeal under

2

Federal Appellate Rule 4(a)(1)(A) (May 21 to June 22), the attached records also reflect one hospital outpatient visit on June 1, 2026, and one office visit on June 15, 2026. *See id.* at 9.

Upon review, the Court finds Plaintiff has not established the "unique or extraordinary circumstances" necessary. *Proctor*, 560 F. App'x at 456 (quoting *Marsh*, 873 F.2d at 130).

First, Plaintiff's status as a *pro se* litigant, misunderstanding of the appellate deadline, or desire for additional time to research does not demonstrate good cause as it is not a "force[] *beyond the control* of" Plaintiff. *Nicholson*, 467 F.3d at 526 (emphasis added); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs*, 507 U.S. 380, 392 (1993) (explaining ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect).

Second, Plaintiff has not demonstrated he was "*unable* to file a notice of appeal within thirty days of the court's order." *Nicholson*, 467 F.3d at 526 (emphasis added). Although he states he was "mentally incapacitated," he provides no documentation in support of this assertion and also (contradicting a claim of complete mental incapacity) states he was working increased hours during this time. (Doc. 9, at 1). Plaintiff also cites surgeries scheduled for August and September, but these upcoming treatments do not speak to whether Plaintiff was "*prevented* . . . from filing a timely notice of appeal" before the deadline of June 22, 2026.[1] *Nicholson*, 467 F.3d at 526 (emphasis added). As noted above, the attached documentation only reflects two medical appointments during the relevant period, undermining Plaintiff's contention that his "ongoing medical appointments" prevented him from timely filing.

The Court finds Plaintiff has not established "good cause or excusable neglect" as is necessary to extend his time to file an appeal. Fed. R. App. P. 4(a)(5)(A)(ii).

---

1. Thirty days after the entry of this Court's Memorandum Opinion and Order on May 21, 2026, was Saturday, June 20, 2026. As a result of this date falling on a weekend, Plaintiff's deadline was the following Monday, June 22, 2026. Fed. R. App. P. 26(a)(1)(C).

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Extension of Time to File Notice of Appeal (Doc. 9) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2026